**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                                              **4:04-CR-00166-01-SWW**
                                                    **4:16-CV-00219-SWW**

**MICHAEL WAYNE NORTON**

**ORDER**

Pending are Defendant's Motion to Vacate, Set Aside, or Correct Sentence based on

*United States v. Johnson*[1] (Doc. No. 48) and Motion for Order (Doc. No. 46).  The Government

has responded.[2]  For the reasons set out below, the Motion to Vacate, Set Aside, or Correct

Sentence is GRANTED and the Motion for Order is MOOT.

**I.      BACKGROUND**

On December 28, 2004, Defendant pled guilty to being a felon in possession of a firearm

(Count 1) and possession of a stolen firearm (Count 2).[3]  On June 28, 2005, Defendant was

sentenced to 180 months in prison on Count 1, a concurrent 120 months on Count 2, and 5 years

supervised release.[4]  Defendant's sentence was enhanced under the Armed Career Criminal Act

("ACCA") based on prior convictions for attempted burglary, escape, and two second degree

burglaries.

---

[1]135 S. Ct. 2551 (2015).  In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme
Court ruled that *Johnson* could be applied retroactively.

[2]Doc. No. 48.

[3]Doc. No. 26.

[4]Doc. Nos. 33, 35.

## II.      DISCUSSION

### A.      ACCA

Under the ACCA, a defendant receives an increased sentence if he had three separate, previous convictions for "a violent felony or a serious drug offense, or both . . . ."[5]   "Violent felony" was defined, in part, as a felony that:

> (I)      has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)     is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .[6]

The phrase "or otherwise involves conduct that presents a serious potential risk of physical injury to another" is known as the "residual clause."  In *United States v. Johnson*,[7] the Supreme Court held that the "residual clause" of the ACCA was unconstitutionally vague and violated due process.

The Government concedes that Defendant's prior convictions for fleeing and attempted burglary fall under the residual clause found unconstitutional in *Johnson.*  Accordingly, the ACCA does not apply because Defendant has only two prior burglary convictions that qualify.

Without the ACCA enhancement, Defendant's total offense level is 29[8] and his criminal history category is VI.  This results in a guideline range of 151-188 months, but the range is above the 120-month statutory maximum.

---

[5]18 U.S.C. § 924(e)(1).

[6]18 U.S.C. § 924(e)(2)(B).

[7]135 S. Ct. 2551 (2015).

[8]Defendant's base offense level is 24 under USSG § 2K2.1.  He receives a 2-level enhancement because 7 firearms were involved, a 2-level enhancement because the firearms were stolen, and a 4-level enhancement because he possessed the firearm in connection with another felony.  After 3 points off for acceptance of responsibility, the total offense level is 29.

**B.      USSG § 5G1.2**

As mentioned earlier, Defendant was convicted of both felon in possession of a firearm and possession of a stolen firearm.  Originally, the sentences for the two counts were to run concurrently under USSG § 5G1.2(c) which reads:

> If the sentence imposed on the count carrying the highest statutory maximum is adequate to achieve the total punishment, then the sentences on all counts shall run concurrently, except to the extent otherwise required by law.

However, without the ACCA enhancement, USSG § 5G1.2(d) applies.  That section reads:

> If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment. In all other respects, sentences on all counts shall run concurrently, except to the extent otherwise required by law.

Without the ACCA enhancement, the highest statutory maximum is 120 months, which is less than that total punishment – 151-188 months.  Accordingly, Defendant must receive at least a 31-month sentence on Count 2 to run consecutive to the 120 months on Count 1.

## CONCLUSION

For the reasons set out above, Defendant's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 48) is GRANTED and the Motion for Order (Doc. No. 46) is MOOT.  Under the Sentencing Reform Act of 1984, and considering the factors found in 18 U.S.C. § 3553, the Court reduces Defendant's sentence to 120 months in prison on Count 1 and 31 months consecutive on Count 2, for a total of 151 months.  Supervised release is 3 years.  All other conditions from the original judgment remain the same.[9]

IT IS SO ORDERED this 18th day of May, 2016.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

[9]Doc. No. 35.